UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAZARO RICARDO MATEO RUIZ,

     Petitioner,

    v.                           Case No.:  2:26-cv-00138-SPC-DNF

WARDEN,

     Respondent,

_____/

**OPINION AND ORDER**

Before the Court is Lazaro Ricardo Mateo Ruiz's *pro se* Petition for Writ of Habeas Corpus (Doc. 1).  Mateo Ruiz claims he is unlawfully detained by immigration authorities because there is no significant likelihood of his removal in the reasonably foreseeable future.  But it does not appear that Mateo Ruiz signed and verified the petition.  "Application for a writ of habeas corpus shall be in writing *signed and verified* by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242.

The petitioner was signed and submitted by a self-described but unidentified "Authorized Representative."  The latter part of § 2242 codifies the common law tradition of permitting a "next friend" to litigate on behalf of a detained person who is unable to seek relief himself, "usually because of mental incompetence or inaccessibility."  *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).  But "'next friend' standing is by no means granted automatically

to whomever seeks to pursue an action on behalf of another." *Id*. 1t 163. The "next friend" must adequately explain why the detainee cannot appear on his own behalf to prosecute the action, and he must be truly dedicated to the best interests of the detainee. *Id*. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id*. at 164.

Also, the petition does not identify a respondent. A habeas petitioner must state "the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. The immediate custodian—i.e., the warden of the detention facility—is normally the only proper respondent in a habeas action, but immigration detention is more complicated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 n.8 (2004) (declining to decide whether the Attorney General is a proper respondent to a habeas action filed by an alien pending deportation); *see also Masingene v. Martin*, 424 F. Supp. 3d 1298, 1302 (S.D. Fla. 2020) (finding the director of ICE's local field office is a more appropriate respondent than the warden of a state-run detention facility).

Fort these reasons, Mateo Ruiz's petition is **DISMISSED without prejudice**. Mateo Ruiz may file a signed and verified amended petition within **21 days** of this order. Otherwise, the Court will enter judgment and close this

case without further notice. If someone seeks to file on Mateo Ruiz's behalf, they must establish the propriety of "next friend" status.

**DONE AND ORDERED** in Fort Myers, Florida on February 17, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1