UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAZARO RICARDO MATEO RUIZ,

      Petitioner,

    v.                           Case No.:  2:26-cv-00138-SPC-NPM

WARDEN, ALLIGATOR
DETENTION CENTER *et al*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Lazaro Ricardo Mateo Ruiz's Petition for Writ of Habeas Corpus (Doc. 5) and the government's response (Doc. 6).

Mateo Ruiz is a native of Cuba who was paroled into the United States on October 16, 1970, and later adjusted his status to lawful permanent resident.  In the late 80s and early 90s, Mateo Ruiz was convicted of robbery, burglary (twice), grand theft (twice), aggravated assault, and possession of a firearm while engaged in a criminal offense.  An immigration judge ordered him removed to Cuba in 1991.  After the removal order, Mateo Ruiz was convicted of felony murder for a death that occurred during another robbery.  After his release from prison, Immigration and Customs Enforcement ("ICE") determined it could not remove him and released him under an order of supervision in 2021.

On October 31, 2025, ICE revoked Mateo Ruiz's release and re-detained him.  Mateo Ruiz challenges the legality of his detention under the Fifth Amendment, *Zadvydas v. Davis*, 533 U.S. 678 (2001), and the Administrative Procedures Act.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700–01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  *Id.* at 699.  The Supreme Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Mateo Ruiz's petition is premature because his current detention has not exceeded 180 days. They assume the six-month presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Mateo Ruiz has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 1991 and 2021, and there is no change in circumstances to suggest removal is more likely now. The burden

thus shifts to the respondents, but they make no attempt at rebuttal. The Court finds no significant likelihood Mateo Ruiz will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id*. Given Mateo Ruiz's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Lazaro Ricardo Mateo Ruiz's Amended Petition for Writ of Habeas Corpus (Doc. 5) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Mateo Ruiz poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3. Mateo Ruiz may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on April 9, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record